UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WINSTON BURRELL

    Plaintiff, Pro Se,

 v.

                                   Case No. 13:CV2088(JGK)(JCF)

CITY OF NEW YORK, et al,

    Defendants (Indv. Capacities)
_____/

## AMENDED COMPLAINT
(Jury Trial Demanded)

Parties:

1. Plaintiff, Winston Burrell, is an American Citizen of African American descent, currently located at: FCI Loretto, P.O. Box 1000, Loretto, PA 15940, Inmate No. 63713-054.

2. Defendant, Officer Kreshnik Bakraqi (hereinafter "Bakraqi"), is a sworn New York City Police Officer. Workstation: 49th Precinct, 2121 Eastchester Road, Bronx, New York 10461.

3. Defendant, Lt. Clarence Fredericks, (hereinafter "Frederick"), is a sworn New York City Police Detective. Workstation: Narcotics Borough Bronx, 500 Abbott Street, Bronx, New York 10550.

4. Defendant, City of New York, (hereafter "NYC"), is a municipality within the State of New York. Servicing Agent: Law Department (City of New York) 100 Church Street, New York, New York 10007.

Jurisdiction

5. This Court has jurisdiction pursuant to 42 U.S.C. §§ 1983, <u>Bivens v. Six Unknown Federal Agents</u>, 28 U.S.C. §§ 1331, <u>or</u> Federal Question Act of 1980 and the Constitution of the United States of America. As well, retains supplemental jurisdiction over state law tort claims.

Nature of The Case

6. On June 23, 2010, a search and seizure was executed by Bakraqi and others upon apartment 5H, 3445 Holland Avenue, Bronx, New York.

7. Upon information and belief that the search and seizure was the culmination of a citizen complaint and (2) controlled drug buys conducted by Officer Bakraqi and others via use of a confidential informant ("CI").

8. Although the (2) controlled drug buys by the "CI" implicated a female, dubbed "JD Stacy", a female Black, approx. 40-47 years old, 5' 5" <u>and</u> "JD White Tank Top", a black male, approx. 6' 2", slim, the Plaintiff, Winston Burrell who is 5' 10" and stocky, was arrested by Bakraqi and other NYC officers inside apartment "5H" on June 23, 2010.

9. Via a complaint crafted by Bakraqi, which he submitted to the Bronx District Attorney on June 28, 2010, he asserts that he was executing a search and seizure warrant at 3445 Holland Ave, 5H and upon entering said location he observed (Burrell) standing next to an open window.

10. Bakraqi's complaint denotes his observations of one large

plastic bag containing "eighty-one smaller bags, each containing a white rocklike substance, as well Bakraqi was informed by Detective Scialubba, that a large plastic bag was also in the custody of Burrell though outside on the ground directly under the open window. This in addition to an alleged electronic scale in some other room and a dark leafy substance on his person.

11. In that Bakraqi's complaint against Burrell failed to show that any field testing was done to identify any of the alleged "finds", alleged to be in Burrell's custody and control. No Bronx Criminal Court Judge found probable cause within 72 hours to bind him over for trial.

12. Therefore, the Plaintiff was processed or was in process for release as no finding of probable cause was found for Bakraqi's complaint.

13. Just prior to Plaintiff's release from state lockup, Det. Clarence Fredericks, forwarded a criminal complaint to the United States District Court at Southern District of New York.

14. Fredericks Complaint to Magistrate Judge James L. Cott, tracks the same series of events alleged in Bakraqi's application to a Bronx Criminal Court Judge for a search and seizure warrant.

15. Fredericks's complaint to the U.S. Magistrate Judge, dated July 6, 2010, is inapposite to Bakraqi's application for a search and seizure warrant, pointed to Winston Burrell as having made the (2) drug transactions with the confidential informant.

16. Burrell was seized and arrested as a direct and proximate cause of Fredericks's complaint to the U.S. Magistrate Judge.

17. The Plaintiff was imprisoned up to and including his

formal charge on August 13, 2010, by the U.S. Government via docket No. 1:10cr00728-SHS, at the Southern District of New York. Thereafter, convicted, sentenced and imprisoned for Conspiracy to Possess with Intent to Distribute a substance, to with fifty grams and more of a mixture containing a detectable amount of cocaine base.

18. Consequently, the Plaintiff is filing suit to vindicate his federally protected rights. Holding all named defendants severally and individually liable and whose actions are indemnified by the City of New York.

**Injuries Incurred:**

19. Public embarrassment, public harassment, reputation injury, loss of life and liberty, diminished health, intermittent headaches and pain and suffering, humiliation, mental anguish and substantial attorney fees.

FIRST CAUSE OF ACTION

**Fourth Amendment Violation - Unconstitutional Arrest and Imprisonment**
(Incorp. by ref. of nos. 5-19 as fully set forth herein:)

20. Defendant, Bakraqi, while acting under color of state law or statute and while acting with malice, unconstitutionally arrested the Plaintiff, in violation of his rights under the Fourth Amendment to the U.S. Constitution.

  a) Bakraqi did not have probable cause to arrest the Plaintiff for the myriad of state charges he filed against the Plaintiff.

  b) Bakraqi did not have legal justification to arrest the

Plaintiff, in that Plaintiff's presence at 3445 Holland Avenue (Apt. 5H) did not establish his constructive possession of any contraband found therein.

c) Bakraqi seized the Plaintiff against his will and transported him into police custody and imprisoned him there.

d) The Plaintiff did not consent to either the arrest or imprisonment by Bakraqi.

e) Bakraqi's criminal complaint and charges against the Plaintiff terminated in his favor as no finding of probable cause was made by any Bronx Criminal Court Judge.

### SECOND CAUSE OF ACTION
Fourth Amendment Violation-Unconstitutional Arrest and Imprisonment
(Incorp. by ref. of nos. 5-20 as fully set forth herein:)

21. Defendant, Fredericks while acting under color of state law and/or Federal law, and with malice, unconstitutionally arrested the Plaintiff, in violation of his rights under the Fourth Amendment to the U.S. Constitution.

a) Fredericks crafted a Criminal Complaint alleging the Plaintiff possessed with intent to distribute a controlled substance.

b) Fredericks Complaint submitted to the United States District Court (S.D.N.Y.) contained materially false statements which implicated the Plaintiff.

c) As a direct and proximate cause of Fredericks' materially false statements contained in his complaint the Plaintiff

was arrested by U.S. Marshal's on July 14, 2010.

d) The Plaintiff did not consent to his arrest by U.S. Marshals.

e) The Plaintiff was handcuffed and transported by U.S. Marshals into federal custody and imprisoned.

f) The charges alleged in Fredericks' Complaint ultimately concluded in Plaintiff's favor, notwithstanding his later indictment in case no. 1:10cr00728-SHS at the Southern District of New York on other charges.

### THIRD CAUSE OF ACTION
CIVIL CONSPIRACY (under 42 U.S.C. §§ 1983) (Alternately, 28 U.S.C. §§ 242)

(Incorp. by ref. of nos. 5-21 as fully set forth herein:)

22. Defendants Bakraqi and Fredericks, while acting under color of state law or statute and/or federal law and while acting with malice, conspired to violate Plaintiff's Fourth Amendment right to the U.S. Constitution.

a) They acted in concert in submitting a patently false complaint to a United States Magistrate Judge in want of an arrest warrant.

b) As a result of their complaint, the Plaintiff was seized by U.S. Marshals and transported to federal custody and imprisoned.

c) The Plaintiff did not consent to federal custody to be imprisoned.

d) Defendant(s) were aware that state charges against the Plaintiff had or were to terminate in his favor.

## FOURTH CAUSE OF ACTION
### UNCONSTITUTIONAL CONVICTION AND IMPRISONMENT

(Incorp. by ref. of nos. 5-22 as fully set forth herein:)

23. Defendant, Fredericks, while acting under color of state law or statute, and/or Federal law or statute formulated and forwarded a Complaint to the District Court at the Southern District of New York.

a) His complaint caused the arrest of the Plaintiff and his official charge via indictments on July 15, 2010 and July 21, 2010.

b) The Plaintiff was later convicted of the offense(s) of which he plead guilty stemming from Fredericks's initial complaint and later indictment on July 21, 2010.

c) The Plaintiff was later sentenced to 120 months and imprisoned by the Federal Bureau of Prisons.

d) To the extent, that the conviction(s) and imprisonment were later overturned or invalidated via collateral challenge.

e) Defendant Fredericks's actions caused the Plaintiff to be subject to an unconstitutional conviction and imprisonment.

## FIFTH CAUSE OF ACTION
### Municipal Liability - Monell Claim

(Incorp. by ref. of Nos. 5-23 as fully set forth herein:)

24. Defendant, "NYC", through its' agency, the NYPD grossly failed to train and adequtely supervise its police officers in the fundamental law and procedures of arrest and detention at a crime scene, what constitutes probable cause for an arrest and the filing of false charges via complaint.

- a) They showed deliberate indifference to Plaintiff's Fourth Amendment right by knowing its sworn officers would be confronted with situations involving U.S. Citizens rights under federal and state law or statutes.

- b) And, given this responsibility, NYC failed to provide its servants with adequate training to affect reasonable execution of its policies or customs as stated herein.

- c) The deficiencies include: lack of adequate training and supervision related to what constitutes probable cause, unreasonable detention, and the filing of truthful complaints in aide of arrest.

- d) NYC has demonstrated a pattern and a clear record, in a civil case filed against it, of failing to adequately train and supervise its servants in the instant case and others.

## RELIEF REQUESTED

Wherefore, the Plaintiff prays for relief as follows:

a) Compensatory, Appreciable, Future, and General Damages: = $1,000,000.00

b) Punitive Damages: = $5,000,000.00

c) Reasonable Attorney fees and Court costs: TBD

d) Such other relief this Court deems appropriate: TBD

I declare under 28 U.S.C. § 1746 and the laws of the U.S., that the foregoing is true and correct. Executed this 9th day of September, 2013.

The Plaintiff,

*[signature: Winston Burrell]*

Winston R. Burrell
Reg.#: 63713-054
FCI Loretto
P.O. Box 1000
Loretto, PA 15940

## Certificate of Service

I hereby certify that on this 9th day of September, 2013, I filed manually with the District Court, a copy of the foregoing "Amended Complaint" and served the same via the Court's Electronic Filing System on counsel for the Defendants. And, served via the U.S. Marshal Service Defendants' Officer Kresnik Bakraqi and Detective Clarence Fredericks. All parties may access this filing via the District Court's CM/ECF, including:

City of New York
(Law Department)
ACC James F. Horton
100 Church Street
New York, N.Y. 10007

By: *Winston Burrell*
Winston Burrell



RECEIVED
PRO SE OFFICE
2013 SEP 12 P 2: 49

✉63713-054✉
W. Burrell
Federal Correction
P.O. Box 1000
Loretto, PA 15940
United States

✉63713-054✉
C O Court
Clerk Of Court
500 Pearl ST
U.S.D.C.
NEW YORK, NY 10007
United States

Attn: Pro Se Clerk of Court

Legal Mail

USM SDNY